AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>BRIAN PICKETT<br><br>Defendant | )<br>)<br>)  Case No.  1:21-MJ- 263  (DJS)<br>)<br>)<br>)<br>)<br>)<br>) |

*U.S. DISTRICT COURT - N.D. OF N.Y.*
**FILED**
MAY 06 2021
AT ____ O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of May 6, 2021 in the county of Rensselaer in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2522A(a)(5)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☒   Continued on the attached sheet.

_____
Complainant's signature
FBI TFO Chris Smith
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   May 6, 2021

_____
*Judge's signature*

City and State:   Albany, NY                    Hon. Daniel J. Stewart, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Chris Smith, being duly sworn, depose and state:

**Introduction**

1. I make this affidavit in support of a criminal complaint charging Brian Pickett with knowingly possessing child pornography in violation of 18 U.S.C. § 2522A(a)(5)(B).

2. I am a Task Force Officer with the Federal Bureau of Investigation ("FBI") and have been since 2012. I have been a member of the Colonie Police Department since 2004 and an Investigator since 2009. In that capacity, I assist with sexually based offenses and computer crimes. I am assigned to the Albany Division, Albany, NY. I have investigated a variety of violent crimes, including the areas of child pornography and online enticement investigations. I am currently investigating federal violations concerning child pornography and the sexual exploitation of children. I have gained experience regarding such crimes through training in seminars, classes, and everyday work related to conducting these types of investigations.

3. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, information gathered from the service of administrative subpoenas and responses to federal search warrants, and my experience and training as a Task Force Officer.

4. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that PICKETT has violated Title 18, United States Code, Section

1

2252A(a)(5)(B)(possession of child pornography).

**Complaint**

15. On May 3, 2021, U.S. Magistrate Judge Daniel J. Stewart authorized a search of the premises at [REDACTED], Troy, NY, the person of N.A., and electronic devices recovered from the premises.

16. During the execution of the above May 3, 2021 search warrant, law enforcement officers interviewed N.A.'s roommate, J.A. (DOB xx/xx/66). During that interview, J.A. stated that he has lived with N.A. for approximately three years. J.A. stated that the resident who lives adjacent to their [N.A. and J.A.'s] apartment also used their wifi network for internet access and has done so on multiple occasions. J.A. did not know the resident's name, but stated that he resides in Apartment 6, which is to the left of their apartment, and provided a description of the male to law enforcement officers.

17. At approximately 7:39am, law enforcement officers knocked on the door of Apartment 6 and identified themselves as the police department. A male matching the description provided by J.A. answered the door and agreed to speak with investigators in a common room area at [REDACTED], Troy, NY. That subject was identified as Brian Pickett ("PICKETT"). Law enforcement informed PICKETT that he was not in custody. PICKETT indicated that he did utilize N.A.'s wireless network and corroborated the name of N.A.'s wireless network. PICKETT indicated that he lived alone in Apartment 6 and that he was currently a level 3 registered sex offender.

18. PICKETT provided verbal and written consent to law enforcement to permit them to search his cellular phone, which he had with him in the common room area of the apartment building. Law enforcement officers did a cursory check of a black Android cell phone and did

locate multiple web browser searches for websites with titles such as, "incest", "XXX", and "teen".

19.     PICKETT disclosed that he had two additional devices in his room and did allow investigators to enter Apartment 6 with him. Located on the floor of PICKETT's residence was a red and black cell phone and a black android tablet under his mattress. PICKETT gave verbal consent to look at the cell phone and PICKETT opened the device with his passcode. PICKETT opened the photo gallery and scrolled to a video that depicted four prepubescent females approximately six years old dancing on what appears to be a web cam. Two of the females lift their shirts exposing their breasts. PICKETT opened a second video that depicted a prepubescent female approximately five years old with an adult male's erect penis adjacent to the child's mouth. The male ejaculates on and into the child's mouth. PICKETT indicated that he had a folder on his phone that contained images of a minor female relative. PICKETT opened a folder that was labeled "My sexy [relative]." Images within that folder depicted a clothed prepubescent female approximately seven to eight years old. PICKETT admitted that he fantasized about the 8 year old.

20.     PICKETT was provided his advice of rights and did agree to speak with Investigators. PICKETT stated that images contained within his tablet would be the images that would get him in trouble. PICKETT indicated that there would be approximately one hundred videos on that device. PICKETT stated that the videos did contain child pornography stating that some of the children in the videos were approximately three years of age. PICKETT indicated that the videos depicted the minors with adults and other minors engaged in various sexual conduct. PICKETT stated that he had approximately one hundred videos on the red and black cell phone that were child pornography and that he transferred these files to the Android tablet device and then deleted the videos from the phone. PICKETT stated he would then save the videos on the

tablet that he liked. PICKETT stated that he tried to label the folders of the saved videos but the device would not allow him to do so. PICKETT further stated that he is an administrator or moderator of a KIK group where child pornography is shared amongst users.

21. PICKETT gave verbal consent to search the Android tablet to TFO Mink and Hudson and PICKETT held the Android tablet to open its contents. PICKETT opened a gallery application on the Android tablet where numerous videos were saved in folders. One said folder was labeled "CP". PICKETT opened one of the Android tablet folders and did show investigators a video that depicted a female infant that was naked lying their back with the vagina exposed. An adult hand places an electric vibrating toothbrush on the child's vagina. PICKETT did show a second video to investigators that depicted a prepubescent female approximately eight to ten years of age. The female child was engaging in vaginal and oral intercourse with two adult males who had their erect penis in the child's mouth and vagina. The Android tablet had folders within a photo gallery that appeared to contain multiple videos.

## CONCLUSION

22. Based upon the above information, I believe there is probable cause to establish that Neeko ALLEN has violated 18 U.S.C. § 2252A(a)(5)(B) which prohibits the knowing possession of child pornography, in violation of 18 U.S.C. § 2522A(a)(5)(B).

TFO CZ
_____
Chris Smith
Task Force Officer
Federal Bureau of Investigation

4

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on May 6, 2021 in accordance with Rule 41 of the Federal Rules of Criminal Procedure.

_____
Hon. Daniel J. Stewart
United States Magistrate Judge

5