IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

```
*******************************
UNITED STATES OF AMERICA,                    Case No. 1:22-CR-473 (GTS)

            v.

BRIAN PICKETT,                               GOVERNMENT'S SENTENCING
                                             MEMORANDUM
            Defendant.
*******************************
```

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I.   Introduction**

On August 23, 2023, pursuant to a Rule 11(c)(1)(A) plea agreement, the defendant pleaded guilty to Count 2 of a two-count information, which charged possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The defendant is in custody and scheduled to be sentenced on October 10, 2024, in Albany, New York.

**II.  Applicable Statutory and Guidelines Provisions.**

    **a.  Statutory Maximum Penalties**

The maximum penalties include: imprisonment for up to 20 years, *see* 18 U.S.C. § 2252A(b)(2); a mandatory minimum imprisonment of 10 years, *id.*; a $250,000 fine; a lifetime term of supervised release; a $100 special assessment; registration as a sex offender; forfeiture; and restitution to the victims. In addition, any non-indigent defendant is required to pay $5,000 per count of conviction under the Justice for Victims Trafficking Act. The defendant is also subject to the provisions of the Amy, Vickey, and Andy Child Pornography Victim Assistance Act of 2018, in which the court can impose up to $17,000 for the defendant's conviction for possession of child pornography.

1

b. **Guidelines Provisions**

The government adopts, without qualification, the guidelines calculations set forth in the Presentence Report (PSR), resulting in a total offense level of 28. PSR ¶¶ 23-36. The government agrees with the Probation Department's finding that the defendant has a criminal history category of III. ¶¶ 41-43. As a result, the federal sentencing guidelines sections advise that the defendant receive a sentence of 97-121 months of imprisonment, a fine of $25,000 to $250,000, a special assessment of $100, and supervised release of 5 years to life. However, the statutory mandatory minimum of 10 years is greater than the applicable guidelines range; therefore, the guideline term of imprisonment is 120-121 months. U.S.S.G. § 5G1.1(c)(2); PSR ¶ 65.

III. **Government's Sentencing Recommendation**

The defendant's conduct in this case is disturbing but not surprising, as the defendant is a repeat sexual offender against children. As detailed below and in the PSR, the defendant has been unable to complete an initial term of probation without violations; those violations are further instances of his possession of child pornography. The defendant appears unable to curb his sexually deviant appetite to possess depictions of the sexual abuse of children.

In many ways, the defendant's apprehension for his most recent offense was a stroke of luck. When investigating the child pornography possession of the defendant's neighbor, the neighbor's father identified the defendant as a potential additional person who used the WiFi password. When law enforcement questioned the defendant, he admitted that he had previous convictions for possession of child pornography.

The defendant also admitted that he possessed videos and images of child pornography on his cell phone and then sent his favorite videos of child sexual abuse to his tablet where he saved them. Indeed, on the defendant's tablet, investigators saw numerous folders that the defendant created, including one folder in the photo gallery titled "CP."

These videos of child pornography could have been the defendant's old favorites, as the defendant has a long criminal history of possession of child pornography. In June 2012, the defendant was convicted of attempted promotion of a sexual performance by a child less than 17 years of age. On August 28, 2012, he was sentenced to 10 years' probation. Less than two years later, on April 10, 2014, the defendant violated his probation by committing new felony child pornography offenses. On September 24, 2024, the defendant was sentenced to 30 to 50 months' imprisonment to run concurrent for both the new offense and the probation violation.

On October 6, 2016, the defendant was paroled, and less than a year later, on April 17, 2017, the defendant was arrested for violating his parole, again for more offenses of possession of child pornography. The defendant had created two email address by which he was obtaining images of child pornography. The defendant also admitted to saving some images of child pornography at Unity House, which is a community resource location. The defendant also used the computers at two public libraries in the Albany area to view pornography. The defendant's previous convictions qualify as a sentence enhancer under 18 U.S.C. § 2552A(b)(2).

In the instant offense, the defendant possessed approximately 154 videos of child pornography on his tablet. These were the videos that, by the defendant's own admission, were his favorites that he took affirmative steps to transfer and save. Some of these video include: a video of an adult's hand rubbing an infant's naked vagina with the end of an electric vibrating toothbrush; an adult male inserting his penis into the anus of a prepubescent female, who appears to be a toddler; and an adult male lying on his back while instructing a prepubescent female, who appears to be between three and five years old, to put his erect penis into her mouth. The child complies as ordered and the adult male subjects the child to oral sexual conduct with his penis.

On the defendant's phone, he also had a folder labeled "my sexy niece." At the time, the defendant's niece was approximately 7-8 years old. In the folder, the defendant had fully clothed

3

pictures of his niece, but the defendant admitted that he fantasized about her. The sexual fetishization of his niece went even further than photos on his phone. The defendant also possessed his niece's panties and admitted that he had taken them. The defendant denied that he ever hurt his niece, but he had sexual fantasies about her and stole her panties. The defendant possessed videos of child pornography that depicted the sexual abuse of prepubescent females around his niece's age, and many that showed the sexual abuse of much younger children, including toddlers.

The defendant has shown that he will reoffend. He is a sexual deviant who is attracted to minor children, and even has a specific minor family member that he has sexually fantasized about. The defendant might reference what appears to be an unstable childhood. However, the defendant, more than most, should understand the vulnerability of children and the devastation that occurs when an adult abuses them. Instead of overcoming his childhood trauma, the defendant relishes the violent and graphic sexual abuse of other children.

Based on all the information before the Court, the government respectfully requests that the Court sentence the defendant to a guidelines term of imprisonment. The government also requests that the Court order the defendant to pay restitution to his victims. There are 27 known victims in this case and 5 have requested restitution. The government will provide the Court and defense with any additional information it receives related to restitution before the defendant's sentencing.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2). As the statements of the victims show, this is a serious crime that affects victims for their entire lives. The defendant contributed to their victimization every time he accessed the images of their abuse. The recommended sentence is necessary to provide just punishment, protect the public, provide restitution to his victims, and attempt to deter to the defendant from committing the same offense when he is released.

The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 19th day of September 2024.

                                        CARLA B. FREEDMAN
                                      United States Attorney

By:      */s/ Carling Dunham*
           Carling M. Dunham
           Assistant United States Attorney
           Bar Roll No. 703858